Argued and submitted November 21, 1991, convictions affirmed and remanded for resentencing February 26, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL ALLEN SERHIENKO,
*Appellant.*

(C90-0199CR & C90-0147CR; CA A66119)

826 P2d 114

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

### De MUNIZ, J.

Defendant pled guilty to two counts of burglary in the first degree, ORS 164.225, and one count of assault in the second degree. ORS 163.175. The court found the presumptive sentence for the assault conviction to be 18 months and the presumptive sentence for each burglary conviction to be 50 months. It found aggravating factors to support a durational departure, OAR 253-03-001(8), and imposed sentences of 100 months on each burglary conviction and 36 months for the assault. The court also found that defendant was a dangerous offender and imposed concurrent sentences of 30 years with a 15-year minimum on each charge.

■      The state concedes that the sentencing court erred in imposing both a departure sentence and a dangerous offender sentence on each of the convictions and in imposing a 15-year minimum sentence pursuant to ORS 144.110. We accept the concession.

Under the sentencing guidelines, a sentencing court may impose a sentence outside the presumptive range if there are substantial and compelling reasons, OAR 253-08-001, or may find that a defendant is a dangerous offender and sentence the defendant to an indeterminate term of incarceration under ORS 161.725 and ORS 161.735. ORS 161.737 provides:

"(1)  A sentence imposed under ORS 161.725 and 161.735 for felonies committed on or after November 1, 1989, shall constitute a departure from the sentencing guidelines created by the rules of the State Sentencing Guidelines Board. The findings made to classify the defendant as a dangerous offender under ORS 161.725 and 161.735 shall constitute substantial and compelling reasons to depart from the presumptive sentence as provided by rules of the State Sentencing Guidelines Board.

"(2)  When the sentence is imposed, the sentencing judge shall indicate on the record the reasons for the departure and the presumptive sentence that would have been imposed if the court had not imposed the sentence under ORS 161.725 and 161.735 as a departure."

Under the sentencing guidelines, a dangerous offender sentence is a departure sentence. Before passage of the sentencing guidelines, there was no authority to impose

two terms of incarceration for a single conviction. The guidelines do not change that.

The imposition of an indeterminate sentence up to 30 years as a dangerous offender provides a statutory exception to the determinate sentences authorized under the guidelines. However, the exception does not extend to the minimum term of incarceration that a defendant must serve before consideration for parole. ORS 144.110 provides for a minimum term of up to one half the length of the sentence, and it may be overridden only by a vote of four of the State Board of Parole and Post-Prison Supervision members. That statute does not apply to defendants sentenced after November 1, 1989. Or Laws 1989, ch 790, § 28. Instead, under ORS 161.737(2), a sentencing court must indicate the presumptive term which a defendant would have served had a dangerous offender sentence not been imposed. When the presumptive sentence has been served, a defendant automatically becomes eligible for consideration for parole.

■ Finally, the state takes the position that, on remand, the sentencing court may impose a presumptive guidelines sentence, a departure guidelines sentence or a dangerous offender sentence for each offense, because, on appeal, defendant challenged only the imposition of both departure and dangerous offender sentences. Whatever be the merits of that position, we note that, on resentencing, the trial court can impose no greater punishment than it did initially. *State v. Turner*, 247 Or 301, 429 P2d 565 (1967).

Convictions affirmed; remanded for resentencing.