Argued and submitted March 31, convictions affirmed; remanded for resentencing
May 13, reconsideration denied September 30, petition for review allowed
October 27, 1992 (314 Or 573)

# STATE OF OREGON,
*Respondent,*

*v.*

# DENNIS JOHN DAVIS,
*Appellant.*

## (90-03-31793; CA A68411)

830 P2d 620

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant was convicted on two counts of first degree rape, ORS 163.375, six counts of first degree sodomy, ORS 163.405, and one count of first degree kidnapping. ORS 163.235. He appeals from the consecutive sentences imposed. We remand for resentencing.

■ Defendant first argues that the sentencing court failed to make the findings required under ORS 137.123(4) to impose consecutive sentences. *State v. Racicot*, 106 Or App 557, 809 P2d 726 (1991). Under ORS 137.123(4)(a), a court may impose a consecutive sentence if it finds that the criminal offense

> "was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense * * *."

The court rejected defendant's argument that some of his convictions should merge, stating that he "had numerous opportunities to renounce criminal intent, but chose to continue the sexual assaults * * *." That statement was not expressly addressed to ORS 137.123(4)(a). However, it adequately shows that the court determined that defendant's conduct was not an incidental violation. That determination is the one required by ORS 137.123(4)(a). *See State v. Racicot, supra*, 106 Or App at 561.

Defendant next challenges the length of the consecutive sentences imposed. On count 1 (rape), the court imposed 180 months incarceration. On count 5 (sodomy), it imposed 120 months incarceration. On the remaining seven counts, the court declared defendant to be a dangerous offender, ORS 161.725; ORS 161.735; ORS 161.737, and imposed 360 months incarceration. Those terms were to run concurrently with each other but consecutive to the terms for counts 1 and 5. Thus, the total term of incarceration is 660 months.

■■ Defendant's argument is that the imposition of dangerous offender sentences does not override the limitations on consecutive sentences provided in the sentencing guidelines. He contends that, under OAR 253-12-020 and OAR 253-08-007, the maximum sentence that could be imposed,

even with a departure, is quadruple the presumptive sentence of the primary offense, the so-called 400 percent rule.[1]

The state's position is that dangerous offender sentences are not subject to guidelines limitations. It argues that the consecutive sentence rules were drafted with the understanding that they would apply to determinate sentences imposed under the guidelines, not to the indeterminate sentence portion of a dangerous offender sentence.

The issue is whether the legislature intended that sentences imposed under the dangerous offender statutory scheme be subject to the limitations in the sentencing guidelines. First, it is clear that the legislature intended that all consecutive sentences for felonies be subject to the guidelines. ORS 137.121 provides:

> "Notwithstanding any other provision of law, but subject to ORS 161.605 [maximum prison terms for felonies], the maximum consecutive sentences which may be imposed for felonies committed on or after November 1, 1989, whether as terms of imprisonment, probation or both, shall be as provided by rules of the State Sentencing Guidelines Board."

The limitation on incarceration for consecutive sentences comports with the policy underlying the guidelines to allocate punishment "within the limits of correctional resources * * *." OAR 253-02-001(1); *see also* OAR 253-02-001(3)(a).[2]

Second, as part of the sentencing guidelines legislation, the legislature enacted ORS 161.737. Or Laws 1989, ch 790, § 77; *see also State v. Serhienko*, 111 Or App 604, 826 P2d 114 (1992). ORS 161.737 provides:

> "(1)  A sentence imposed under ORS 161.725 and 161.735 for felonies committed on or after November 1,

---

[1] Defendant's "primary offense" conviction was on count 1, with a grid block of 10 E. The maximum presumptive sentence on that count was 90 months incarceration. The remaining convictions were in grid block 10 I. *See* OAR 253-03-001(17); OAR 253-12-020(2)(a)(A),(B). The maximum presumptive term for grid block 10 I is 60 months incarceration.

[2] The preamble to the implementing legislation provides, in part:

"[T]he decision to imprison offenders and decisions as to the period of such imprisonment must be made on a systematic basis that will maintain institutional populations within a level for which the Legislative Assembly and the people of the state are prepared to provide * * *." Or Laws 1987, ch 619.

1989, shall constitute a departure from the sentencing guidelines created by rules of the State Sentencing Guidelines Board. The findings made to classify the defendant as a dangerous offender under ORS 161.725 and 161.735 shall constitute substantial and compelling reasons to depart from the presumptive sentence as provided by rules of the State Sentencing Guidelines Board.

"(2) When the sentence is imposed, the sentencing judge shall indicate on the record the reasons for the departure and the presumptive sentence that would have been imposed if the court had not imposed the sentence under ORS 161.725 and 161.735 as a departure."

Under ORS 161.725 and ORS 161.737, the court may impose an indeterminate sentence of imprisonment up to 30 years, but it must indicate the presumptive term that an offender would have served if a dangerous offender sentence had not been imposed. When that presumptive sentence has been served, a defendant automatically becomes eligible for consideration for parole. The result is that dangerous offender sentences are subject to the guidelines.

In the light of the expression of the legislature that *all* consecutive sentences are limited by the concern about institution population and that the dangerous offender sentencing scheme is subject to the guidelines, it follows that the legislature also must have intended that dangerous offender sentences be subject to the 400 percent rule. We hold that the terms of the sentences in this case are governed by OAR 253-12-020 and OAR 253-08-007. Accordingly, under the rules, defendant is correct that the total incarceration term of his consecutive sentences cannot exceed four times the presumptive incarceration term for the primary offense.

Convictions affirmed; remanded for resentencing.