Argued and submitted February 28, convictions affirmed; sentences vacated; remanded for resentencing May 20, reconsideration allowed by opinion November 12, 1992

See 116 Or App 347 (1992)

STATE OF OREGON,
*Respondent,*

*v.*

JAMES MARK HAYDON,
*Appellant.*

(90C-21630; CA A69008)

832 P2d 457

David K. Allen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant challenges the sentences imposed after he pled guilty to robbery in the first degree, ORS 164.415, and burglary in the first degree. ORS 164.225.[1] The sentencing court imposed a 12-year determinate sentence on the robbery conviction and a consecutive four-year determinate sentence on the burglary conviction, both ostensibly pursuant to ORS 137.635. We remand for resentencing.

In 1988, by initiative, the voters adopted Ballot Measure 4, which was codified as ORS 137.635 and provides, in part:

"(1) When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence to which the defendant otherwise would be subject under ORS 137.120, but * * * the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. Any mandatory minimum sentence otherwise provided by law shall apply. The sentence shall not exceed the maximum sentence provided by law in such cases."

When the measure was adopted, the Oregon sentencing system combined indeterminate sentences with a parole matrix. *See* OAR 253-02-001(3)(b). At that time, ORS 137.120(1) provided, in part:

"Whenever any person is convicted of a felony, the court shall * * * sentence such person to imprisonment for an indeterminate period of time, but stating and fixing in the judgment a maximum term for the crime, which term shall not exceed the maximum term of imprisonment provided by law therefor; and judgment shall be given accordingly. Such a sentence shall be known as an indeterminate sentence."

In 1989, the legislature enacted sentencing guidelines that are a determinate sentencing scheme and under which the sentences of imprisonment represent the time that an offender will actually serve. OAR 253-02-001(2), (3)(b). The parties frame the dispute as whether, as defendant contends, the "maximum term of imprisonment" to which a

---

[1] He was also convicted of unauthorized use of a motor vehicle, ORS 164.135, but assigns no error to that conviction or the sentence imposed.

defendant can be sentenced under ORS 137.635(1) is that provided by the guidelines rules or whether, as the state argues, the maximum sentence is that provided for felony convictions under ORS 161.605.

We do not assume, as do the parties, that ORS 137.635 applies to felonies committed after November 1, 1989. In 1987, the legislature enacted what was codified in 1991 as ORS 137.669:[2]

> "The guidelines adopted by the State Sentencing Guidelines Board and approved by the Legislative Assembly under ORS 137.667, together with any amendments, supplements or repealing provisions enacted by the Legislative Assembly, shall control the sentences for all crimes committed after the effective date of such guidelines. Except as provided in ORS 137.671 [authorizing departure sentences], the incarcerative guidelines and any other guidelines so designated by the board shall be mandatory and constitute presumptive sentences."

As part of the sentencing guidelines legislation, the legislature amended ORS 137.120(1), to apply only to crimes committed before November 1, 1989. It enacted ORS 137.120(2) to provide:

> "Whenever any person is convicted of a felony committed on or after November 1, 1989, the court shall impose sentence in accordance with rules of the State Sentencing Guidelines Board."

It also amended ORS 137.010(1), requiring the court to sentence for crimes committed on or after November 1, 1989, "in accordance with rules of the State Sentencing Guidelines Board, unless otherwise specifically provided by law." *See also* ORS 137.080(2).[3]

---

[2] The section was amended in 1989. Those amendments were not substantive. Or Laws 1989, ch 790, § 95.

[3] The legislature also enacted ORS 137.637:

> "When a determinate sentence of imprisonment is required or authorized by statute, the sentence imposed shall be the determinate sentence or the presumptive sentence as provided by the rules of the State Sentencing Guidelines Board, whichever is longer."

The effect of that provision is that, for a felony committed before November 1, 1989, if a determinate sentence is imposed under ORS 137.635, it cannot be for less time than would be imposed under the guidelines.

■ The effect of that legislation is that a defendant who commits a felony on·or after November 1, 1989, is not "subject under ORS 137.120" to *any* indeterminate sentence. That is the predicate for imposition of a determinate sentence under ORS 137.635, which remains applicable only to felonies committed before that date.

■ The parties agree that, if ORS 137.635 is limited by the guidelines, the appropriate sentence for defendant's robbery conviction is a 10-year determinate term under the mandatory provisions of ORS 161.610(4), because the maximum departure sentence under the guidelines would be less. Both parties also agree that the consecutive four-year sentence on the burglary conviction must be vacated. Defendant takes the position that, on remand, the court may not impose a departure sentence. The state argues that departure can be considered. We note only that, on resentencing, the court can impose no greater sentence than it did initially. *State v. Turner*, 247 Or 301, 429 P2d 565 (1967); *State v. Serhienko*, 111 Or App 604, 607, 826 P2d 114 (1992).[4]

Convictions affirmed; sentences for burglary in the first degree and robbery in the first degree vacated; remanded for resentencing.

---

[4] We specifically do not address the consequences, if any, of the prosecution's agreement not to seek a departure sentence.