Argued and submitted April 30, conviction affirmed; remanded for resentencing July 8, appellant's petition for reconsideration denied; respondent's petition for reconsideration allowed by opinion December 30, 1992
See 117 Or App 537 (1992)
appellant's petition for review denied February 23, 1993 (315 Or 443)
respondent's petition for review allowed February 23, 1993 (315 Or 442)

# STATE OF OREGON,
*Respondent,*

*v.*

# CHARLES WILLARD BELLEK,
*Appellant.*

## (90051007; CA A68579)

834 P2d 458

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Janet A. Klapstein, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was convicted of murder in a jury trial. ORS 163.115. We affirm the conviction but remand for resentencing.

Defendant shot the victim, Hicks, after a confrontation involving Hicks' dogs. At trial, over defendant's objection, the court admitted three laboratory reports prepared by Oregon State Police criminalists. One report related to the presence of drugs or alcohol in Hicks' system, and two were related to ballistics tests of the murder weapon. Defendant argues that the reports were not admissible as business records, OEC 803(6), because they were reports prepared with a view to litigation and, therefore, lack the indicia of trustworthiness central to the rationale of the business records exception. *See Lepire v. MVD*, 47 Or App 67, 613 P2d 1084 (1980).

We agree with the state that, if it was error to admit the reports, it was harmless. There was little likelihood that they affected the verdict. *State v. Hansen*, 304 Or 169, 180, 743 P2d 157 (1987). There was substantial and convincing evidence of defendant's guilt, including the testimony of eyewitnesses to the shooting and defendant's own admission that he shot the victim several times at close range. Furthermore, the officers who prepared the reports testified, and the reports were only cumulative of their testimony.

Defendant also assigns error to the sentence of life imprisonment with a 121-month minimum. He argues that the imposition of the life sentence constituted a departure sentence and that the court found no sufficient reasons for a departure. He contends that, under the sentencing guidelines, a court has three options in sentencing for a murder conviction. It may impose the presumptive sentence, a statutorily mandated determinate sentence if the mandated sentence is greater than the guidelines sentence, ORS 137.637; OAR 253-09-001, or a departure sentence without limitation. OAR 253-08-004.[1] *Oregon Sentencing Guidelines Implementation Manual* 129 (1989). The state contends that life

---

[1] OAR 253-08-004 provides:

"(1) A durational departure from a presumptive incarceration term shall not total more than double the maximum duration of the presumptive incarceration term.

imprisonment is mandated by statute, ORS 163.115(3)(a), and that the trial court's interpretation of the guidelines reconciles the statutes and rules.

Before the enactment of the guidelines, murder was an unclassified felony to be sentenced according to ORS 163.115(3), which provides, in part:

"(a) A person convicted of murder shall be punished by imprisonment for life.

"(b) When a defendant is convicted of murder under this section, the court shall order that the defendant shall be confined for a minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(c) When a defendant is convicted of murder under this section, the court, in addition to the minimum required by paragraph (b) of this subsection, may order that the defendant shall be confined for a minimum term of up to an additional 15 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp."

■■ For a felony committed after November 1, 1989, the incarceration guidelines are mandatory presumptive sentences. ORS 137.669; ORS 137.671. Sentences must be in accordance with the guidelines, ORS 137.010, under which there is no presumptive life imprisonment sentence for murder. The effect of those statutes is to render academic the *indeterminate* life imprisonment sentence in ORS 163.115(3)(a). An indeterminate sentence is not a mandatory sentence. *See State v. Haydon*, 113 Or App 205, 832 P2d 457 (1992); *see also State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991). It was error to sentence defendant to life imprisonment.

The court did not err by imposing 121 months imprisonment. Under the guidelines, a conviction for murder is in category 11 on the Crime Seriousness Scale. Depending

---

"(2) The limit on durational departures established by section (1) of this rule does not apply to any sentence imposed for a conviction of ORS 163.115 Murder."

The court found no reason to depart and we do not address what limits, if any, apply to departure sentences for murder.

on an offender's criminal history, the incarceration term may range from 120 months to 269 months. Defendant came within grid block 11-I with a presumptive sentence of 120-121 months.

OAR 253-09-001(1) provides:

"If a mandatory prison sentence is required or authorized by statute, the sentence imposed shall be that determinate sentence or the sentence under these rules *whichever is longer*." (Emphasis supplied.)

Under that rule, the court had to consider the mandatory prison term of 10 years set out in ORS 163.115(3)(b) and could not impose a prison sentence of less than 10 years. However, because the presumptive incarceration term for grid block 11-I is 120-121 months, OAR 253-09-001(1) required that the court impose a prison term of at least 120 months. *See also* ORS 137.637.

Conviction affirmed; remanded for resentencing.