Argued and submitted August 28, conviction affirmed; remanded for resentencing November 12, 1992, reconsideration denied February 10, petition for review allowed February 23, 1993 (315 Or 442)

STATE OF OREGON,
*Respondent,*

*v.*

JOHN WILLIAM MORGAN,
*Appellant.*

(90-12-36815; CA A70425)

842 P2d 406

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant pled guilty to murder. The court sentenced him to life in prison with minimum sentences of 10 years and 15 years pursuant to ORS 163.115(3)(b) and (c).[1] He appeals, arguing that the sentencing guidelines have rendered "fatally flawed" the sentencing scheme for murder under ORS 163.115(3). Therefore, he contends, ORS 163.115(3) has been superseded, and his sentence should have been imposed according to the sentencing guidelines.

The state acknowledges that there is an apparent conflict between ORS 163.115(3) and the guidelines, but it argues that the legislature did not intend to supersede ORS 163.115(3). It contends that ORS 137.010(1) requires a sentence to be imposed according to the guidelines "unless otherwise specifically provided by law"[2] and that ORS 163.115(3) is one such special provision. It argues that ORS 163.115(3) can be interpreted consistently with the guidelines legislation.

ORS 163.115(3) provides:

"(a) A person convicted of murder shall be punished by imprisonment for life.

"(b) When a defendant is convicted of murder under this section, the court shall order that the defendant shall be confined for a minimum of 10 years without possibility of parole, release on work release or any form of temporary leave or employment at a forest or work camp.

"(c) When a defendant is convicted of murder under this section, the court, in addition to the minimum required by paragraph (b) of this subsection, may order that the defendant shall be confined for a minimum term of up to an additional 15 years without possibility of parole, release on

---

[1] The judgment also indicates that the sentence was a "durational departure." The court gave no substantial and compelling reasons for it.

[2] ORS 137.010(1) provides:

"The statutes that define offenses impose a duty upon the court having jurisdiction to pass sentence in accordance with this section or, for felonies committed on or after November 1, 1989, in accordance with rules of the State Sentencing Guidelines Board unless otherwise specifically provided by law."

The state sees no ambiguity in the statute. However, it may also be read to require that every sentence be imposed according to the guidelines unless there is an *explicit* exception.

work release or any form of temporary leave or employment at a forest or work camp.

"(d) The minimum term set forth in paragraph (b) or (c) of this subsection may be set aside by a unanimous vote of the State Board of Parole and Post-Prison Supervision."

The state contends that the operation of ORS 163.115(3) is controlled by the provisions of OAR 253-09-001(1) and ORS 137.637. The rule provides:

"If a mandatory prison sentence is required or authorized by statute, the sentence imposed shall be that determinate sentence or the sentence under these rules whichever is longer."

ORS 137.637 provides:

"When a determinate sentence of imprisonment is required or authorized by statute, the sentence imposed shall be the determinate sentence or the presumptive sentence as provided by the rules of the State Sentencing Guidelines Board, whichever is longer."

The state explains that, under those provisions, the court is required to impose a life sentence under ORS 163.115(3)(a). In *State v. Bellek*, 114 Or App 17, 834 P2d 458 (1992), we held that a life term in prison is no longer authorized under ORS 163.115(3)(a). Defendant points out that ORS 163.115(3) does not require a sentence of life in prison without possibility of parole. In 1989, the legislature created the Board of Parole and Post-Prison Supervision. However, it restricted the Board's authority to grant parole only to inmates who were committed to the Department of Corrections for an offense committed before November 1, 1989. ORS 144.050; Or Laws 1989, ch 790, § 28. Presently, there is no procedure that governs release of an offender committed after that date to life imprisonment under ORS 163.115(3)(a).[3]

At oral argument, the state asserted that it disagreed with *State v. Bellek*, but it does not argue that a term of life *in prison* may still be imposed. Rather, it reads "shall be punished by imprisonment for life" in ORS 163.115(3)(a) as a life term of post-prison supervision. For that construction, it relies on OAR 253-05-004(1):

---

[3] Because we determine that ORS 163.115(3)(a) cannot be reconciled with the guidelines, we need not address the constitutional implications of that proposition.

"The term of post-prison supervision for an offender serving a life sentence pursuant to ORS 163.105 or ORS 163.115 shall be for the remainder of the offender's life, unless the Board finds a shorter term appropriate. In no case shall the term of supervision be less than three years."

According to the state, once an offender has served the minimum sentence provided by ORS 163.115(3)(b) and (c), that offender "becomes entitled to release" to post-prison supervision under the jurisdiction of the Department of Corrections for the remainder of the offender's life:

"Formerly, it is true, the life sentence mandated by ORS 163.115(3) was an indeterminate sentence that authorized the defendant's continued incarceration for the remainder of his life, and beyond the expiration of any minimum terms imposed, unless and until the parole board released the defendant upon parole. Under the guidelines scheme, the 'life sentence' for murderers no longer operates in that manner. It no longer operates to require continued incarceration beyond the minimum/determinate term imposed; it requires only that the defendant shall remain within the jurisdiction of the department for the remainder of his life once he is released on post-prison supervision after having served the minimum sentence imposed."

The procedure described by the state is analogous to the one specifically enacted for the release of a dangerous offender sentenced under ORS 161.725 and ORS 161.735. ORS 144.232; *see also State v. Serhienko*, 111 Or App 604, 826 P2d 114 (1992). However, the legislature did not provide that procedure for sentences imposed under ORS 163.115(3)(a). We may not create it.

The state's construction does not reconcile the language "shall be punished by imprisonment for life" in ORS 163.115(3)(a) with OAR 253-09-001(1). Together, they would require imposition of imprisonment for life as "a mandatory prison sentence." Moreover, "imprisonment for life" is the central element of subsection (3)(a). To substitute a term of supervision on release for life in prison would be to rewrite ORS 163.115(3)(a). Furthermore, as the state notes, before the guidelines, life imprisonment was considered an indeterminate term of incarceration. Indeterminate terms are now "academic." *See* ORS 137.669; *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701

(1991); *see also State v. Little,* 116 Or App 322, 842 P2d 414 (1992). We cannot accept the state's saving construction of ORS 163.115(3)(a), and we adhere to our holding in *State v. Bellek, supra.*

The state next contends that ORS 163.115(3)(b) and (c) may be reconciled with the guidelines. It argues that ORS 137.637 and OAR 253-09-001(1) require the court to impose at least the 10-year minimum sentence mandated by ORS 163.115(3)(b). It contends that, at that point, "[t]he sentencing court has 4 options":[4]

"**1.** *Presumptive sentence.* The court can decline to exercise its discretionary authority under ORS 163.115(3)(c) to impose any or all of the additional 15-year minimum sentence, and it can elect instead to impose the presumptive sentence. The presumptive sentence always will be 'longer' than the 10-year minimum term required by ORS 163.115 (3)(b). Therefore, ORS 137.637 and OAR 253-09-001(1) require the court to impose the presumptive sentence, instead of the 10-year minimum under ORS 163.115(3)(b), as the determinate portion of the 'life sentence.'

"**2.** *Upward-departure sentence.* The court can decline to exercise its discretionary authority under ORS 163.115(3)(c), and it can elect instead to impose an upward-departure sentence under the guidelines based upon findings of 'substantial and compelling reasons.' If the court departs upward, the guidelines provide no upper limit. Whatever sentence the court selects through that process controls, per ORS 137.637 and OAR 253-09-001(1), over the 10-year minimum sentence otherwise prescribed by ORS 163.115 (3)(b).

"**3.** *Downward-departure sentence.* The court can decline to exercise its discretionary authority under ORS 163.115(3)(c), and it can elect instead to impose a downward-departure sentence under the guidelines. Because ORS 163.115(3)(b) requires the imposition of at least a 10-year minimum sentence, if the court selects a sentence under the guidelines that is less than 120 months, ORS 137.637 and OAR 253-09-001(1) require the court to impose the 10-year

---

[4] The commentary construes the provisions as allowing sentencing under the guidelines or ORS 163.115(3)(b) and (c). *Oregon Sentencing Guidelines Implementation Manual* 149 (1991); *see also Supplement Sentencing Guidelines Implementation Manual* 22 (1992). The commentary is not controlling. *State v. Moeller, supra,* 105 Or App at 440 n 4.

minimum sentence prescribed by ORS 163.115(3)(b) instead of the guidelines sentence.

> "4. **Sentence pursuant to ORS 163.115(3)(c).** The court can elect to impose all or part of the 15-year minimum sentence authorized by ORS 163.115(3)(c). If the sentence so selected 'is longer' than the sentence the court otherwise would have imposed under the guidelines (either the presumptive sentence or a permissible departure sentence) ORS 137.637 and OAR 253-09-001(1) require the court to impose that sentence in lieu of the guidelines sentence. Conversely, if the sentence the court selects under ORS 163.115(3)(c) is less than the sentence it has selected under the guidelines, the guidelines sentence controls, because it 'is longer.' "

(Footnote omitted; boldface the state's.)

We do not agree with the state's attempted reconciliation. Both OAR 253-09-001(1) and ORS 137.637 state that, if a determinate sentence or a mandatory prison sentence is required *or* authorized, that sentence *shall* be imposed if it is longer than the guidelines sentence. Thus, the rule and statute effectively eliminate the court's discretion under ORS 163.115(3)(c) by *requiring* that any determinate or mandatory prison sentence be imposed if it is *authorized* by statute. OAR 253-09-001(1), ORS 137.367 and ORS 163.115(3)(c), taken together, would require the court to impose at least a 25-year term.

However, that result leads to an additional contradiction. The state assumes that the minimum term may be set aside by the Board of Parole and Post-Prison Supervision under ORS 163.115(3)(d).[5] Assuming, without deciding, that the state is correct, then its position regarding ORS 163.115(3) turns in on itself. If the Board can "set aside" the minimum terms of ORS 163.115(3)(b) and (c), then those terms, arguably, are not "determinate" sentences.[6] If they

---

[5] The Oregon Criminal Justice Council is not so certain. The commentary notes that one of the "still unresolved questions around murder sentences" is the authority of the Board of Parole and Post-Prison Supervision to set aside a minimum term. *See* ORS 163.115(3)(d). *Supplement Sentencing Guidelines Implementation Manual* 23 (1992).

[6] *Compare* ORS 137.635(1), under which the offender must serve the entire sentence and is not eligible for parole.

are not, ORS 137.637 and OAR 253-09-001(1) have no application to ORS 163.115(3). We are unable to construe ORS 163.115(3)(c) harmoniously with the guidelines.

In *State v. Bellek, supra,* we held that ORS 137.637 requires the court to impose at least 121 months in prison under the guidelines. On further analysis, we are unable to reconcile the provisions of ORS 163.115(3) with the guidelines rules and the statutes. ORS 137.637 does not control ORS 163.115(3)(b) if it does not control ORS 163.115(3)(c). We conclude that ORS 163.115(3) has been superseded in its entirety by the guidelines. *See State v. Shumway,* 291 Or 153, 630 P2d 796 (1981).

■    We recognize that repeal by implication is not favored and that, if possible, we are obliged to construe legislation which deals with the same subject harmoniously. *See State v. Haydon,* 113 Or App 205, 832 P2d 457, *on recon* 116 Or App 347, 842 P2d 410 (1992). We appreciate the Herculean effort the state has made to adhere to those rules of construction and to harmonize ORS 163.115(3) with the guidelines. However, we cannot conclude that the legislature intended such a complex result when a guidelines sentence for murder avoids the contradictions and still permits a sentence equal to — or exceeding — the limits of ORS 163.115(3) and also complies with the primary principles underlying the guidelines to punish offenders appropriately and to protect the public. OAR 253-02-001(1).

Under the guidelines, murder is classified on the Crime Seriousness Scale in category 11, the highest category. The minimum presumptive sentence for murder in any criminal history classification is 120-121 months. A departure sentence may be imposed for substantial and compelling reasons. OAR 253-08-001. OAR 253-08-004(2) provides that "[t]he limit on durational departures * * * does not apply to any sentence imposed for a conviction of ORS 163.115 Murder." Under the guidelines, then, a determinate sentence that would, in reality, constitute a true "life" sentence of imprisonment can be imposed.[7]

---

[7] The lack of restriction on a prison term for murder is in sharp contrast to the limitations elsewhere in the guidelines that implement the policy to control prison population. *See State v. Haydon, supra,* 116 Or App at 353-54. We express no opinion as to the possibility of a downward departure.

To accept the state's interpretation also would require us to move beyond our role of interpreting legislation to enacting it. In enacting sentencing guidelines, the legislature grafted a new sentencing system onto the old, predictably resulting in complexities and contradictions. It chose to rely on the appellate courts both to construct a coherent scheme from those contradictions and to ensure compliance with the system. In doing so, many of the issues are legal ones properly before us. However, there may be many issues that present policy determinations that are not for the courts. For example, to resolve the conflicts presented by ORS 163.115(3), including what role, if any, the Board of Parole and Post-Prison Supervision has in determining the length of sentences for murder convictions, would require us to weigh the merits of an indeterminate sentencing scheme against a determinate scheme. That involves considerations of competing policies, such as the role of rehabilitation, appropriate punishment and the need to control prison populations. It is not for the judiciary to decide which policies should prevail. That is for the legislature.[8]

Conviction affirmed; remanded for resentencing.

.

---

[8] The drafters, if not the legislature, consciously chose to abrogate that role in some instances:

"Whether this new requirement for accusatory instruments [to allege subcategory facts] implicitly establishes a standard of proof for subclassification facts is an open question. Neither Section 4, Chapter 790, Oregon Laws 1989, nor the rules of the State Sentencing Guidelines Board address this particular issue. It is also unclear whether such facts must be proven at trial, by special findings of the jury or court or at the sentencing hearing." *Oregon Sentencing Guidelines Implementation Manual* 67 (1989).

"The Guidelines Board makes no determination as to whether a hearing should be held to establish the grounds for an extension [of probation]." *Oregon Sentencing Guidelines Implementation Manual* 95 (1989).