STATE OF OREGON,
*Respondent,*

*v.*

GREGORY LEFERRAL WARREN,
*Appellant.*

(90-11-36508; CA A72149)

857 P2d 876

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Janie M. Burcart, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief was

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

**DEITS, P. J.**

After a jury trial, defendant was convicted of two counts of burglary in the first degree, ORS 164.225, which were merged for sentencing purposes, sexual abuse in the first degree, *former* ORS 163.425,[1] attempted rape in the first degree, ORS 163.375, and assault in the fourth degree, ORS 163.160. On his burglary conviction, defendant was sentenced as a dangerous offender under ORS 161.737.

Defendant assigns error to the denial of his motion for a judgment of acquittal, to the adequacy of the trial court's findings supporting its imposition of a dangerous offender sentence, to its imposition of consecutive sentences and to its failure to include the presumptive sentence in the judgment. We affirm without discussion, except for defendant's argument that the trial court erred in failing to indicate in the judgment the presumptive sentence that defendant would have served had a dangerous offender sentence not been imposed.

ORS 161.737(2) requires the court to

"indicate on the record the reason for the departure and the presumptive sentence that would have been imposed if the court had not imposed the sentence under ORS 161.725 and 161.735 [dangerous offender statutes] as a departure."

The state's position is that the judgment does not need to indicate the presumptive term because that term may easily be determined from the record.

We agree that, because the presumptive sentence may be determined from the record, the trial court did comply with the statutory requirement. The court orally pronounced the presumptive sentence to be 72 months, and neither party contests that determination. Although the presumptive sentence may be determined from the record, it would seem to be the better practice to include the presumptive sentence in the written judgment. The designation of that sentence serves an important function, because a defendant automatically becomes eligible for consideration for parole when the presumptive sentence has been served. *State v. Serhienko*, 111 Or App 604, 826 P2d 114 (1992).

Affirmed.

---

[1] The statute has since been renumbered ORS 163.427. Or Laws 1991, ch 830, § 3.