Argued and submitted August 20, 1993, convictions affirmed; remanded for
resentencing January 5, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# PHILLIP LYNN JOHNSON,
*Appellant.*

(91C-21173, 92C-20099; CA A74954 (Control), A74955)
(Cases Consolidated)

866 P2d 1245

Eric R. Johansen, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals from the sentences imposed for his convictions on three counts of robbery in the first degree with a firearm, ORS 164.415; ORS 161.610, and failure to appear in the first degree. ORS 162.205.[1] We remand for resentencing.

On the robbery convictions, defendant's grid block under the sentencing guidelines was 9-I. The court sentenced defendant to five years on count one, pursuant to ORS 161.610, and to consecutive terms of 34 months and 36 months on each of the remaining counts, for a total of 130 months. On the failure to appear conviction, the court determined that the appropriate grid block was 4-A, based on the three convictions for robbery, and sentenced defendant to 10 months in prison, to be served consecutively to the terms for robbery.

Defendant first assigns error to the calculation of the consecutive terms on the robbery convictions. He does not argue that consecutive terms could not have been imposed[2] but contends that, when the court imposes a gun-minimum term pursuant to ORS 161.610, consecutive sentences must comply with the limits set out in OAR 253-12-020.[3]

ORS 137.121 provides:

"*Notwithstanding any other provision of law*, but subject to ORS 161.605 [maximum prison terms for felonies], the maximum consecutive sentences which may be imposed for felonies committed on or after November 1, 1989, whether as terms of imprisonment, probation or both, shall be as provided by rules of the State Sentencing Guidelines Board." (Emphasis supplied.)

---

[1] Defendant pled not guilty to the indictment charging him with three counts of robbery in the first degree with a firearm and was tried by a jury. During the trial, he changed his plea to guilty on count III of the indictment. While the jury was deliberating, defendant, who had been released from custody pending resolution of the charges, failed to return to court, giving rise to the failure to appear charge. The jury returned guilty verdicts on the other two counts of robbery. On the same day that defendant was sentenced on the robbery convictions, he pled guilty to the failure to appear charge and was sentenced. The record shows no concession by the state in exchange for either of defendant's guilty pleas.

[2] The state does not challenge that the robberies were part of the same criminal episode.

[3] Departures for consecutive sentences are governed by OAR 253-08-007.

Defendant cites our opinion in *State v. Davis*, 113 Or App 118, 830 P2d 620 (1992), *aff'd* 315 Or 484, 847 P2d 834 (1993),[4] in which we held that sentences imposed under the dangerous offender statutory scheme were subject to the limitations on consecutive sentences set out in the guidelines. Defendant contends that a gun-minimum sentence is analogous to a dangerous offender sentence. Therefore, he argues, although the court must impose the determinate sentence under ORS 161.610, sentences imposed consecutively to the gun-minimum must comply with the guidelines. As applied to his convictions, the court could have imposed no more than 72 months in prison without a departure.[5]

The state concedes that the Supreme Court opinion in *Davis* does not undermine defendant's argument, insofar as the court affirmed that dangerous offender sentences are controlled by sentencing guidelines. It argues, however, that *Davis* does not control, because a gun-minimum sentence is different. It contends that, under ORS 161.737, a dangerous offender sentence is clearly a "departure" sentence, in which the findings made to classify the defendant as a dangerous offender "shall constitute substantial and compelling reasons to depart from the presumptive sentence * * *." By contrast, the state argues, ORS 161.610 does not make a gun-minimum sentence a "departure." ORS 161.610(3) and (4) provide that the court "shall" impose a five-year sentence, and ORS 137.637 provides that, when a statute requires a determinate sentence, "the sentence imposed shall be" either the determinate sentence or the presumptive guidelines sentence, whichever is longer. The state's position is that the "statutes seem to contemplate that the gun-minimum sentence is an alternative to or substitute for, rather than a departure from, the presumptive guidelines sentence."

■ The state is correct that the gun-minimum sentence is not a presumptive guidelines sentence. It is a mandatory term. *See State v. Akin*, 125 Or App 351, 353 n 1, 865 P2d 461 (1993). However, we do not agree with the state's argument

---

[4] The Supreme Court issued its opinion in *Davis* after defendant filed his brief in this case.

[5] Defendant's grid block for the robbery convictions was 9-I, with a presumptive range of 34-36 months.

that, because the gun-minimum is not a presumptive sentence, it is not factored into the limitations on consecutive sentences for offenses that are sentenced under the guidelines.

With candor, the state acknowledges that it "has no authority for [its] argument, but it makes as much sense as any of the alternatives." The issue here indeed presents one more example of an area in which the legislature has chosen to rely on the courts to construct a coherent sentencing scheme. *See State v. Morgan*, 116 Or App 338, 346, 842 P2d 406 (1992), *aff'd in part on different grounds* 316 Or 553, 856 P2d 612 (1993). We continue to endeavor to do so within a framework that attempts to meet the objective of punishing offenders appropriately, while recognizing the limited correctional resources provided by the legislature. OAR 253-02-001. Our decision here is in accord with that legislative directive. As we noted in *State v. Davis, supra*, 113 Or App at 121:

> "The limitation on incarceration for consecutive sentences comports with the policy underlying the guidelines to allocate punishment 'within the limits of correctional resources * * *.' OAR 253-02-001(1); *see also* OAR 253-02-001(3)(a)." (Footnote omitted.)

■     The clear language of ORS 137.121 requires that the maximum terms for consecutive sentences are those provided by the guidelines. The sentencing court, thus, is confronted by two mandates: the gun-minimum sentence of ORS 161.610 and the consecutive terms of ORS 137.121 and OAR 253-12-020. Giving effect to each provision requires that, when the court must impose a gun-minimum term, and also decides to impose consecutive sentences, the court must first determine the primary offense and what would be the presumptive term for that offense under OAR 253-12-020 (2)(a)(A). It must then decide the length of the terms for the other consecutive sentences, as prescribed in OAR 253-12-020. If the sum of those consecutive terms is greater than the mandated gun-minimum, the court is free to impose the additional term of incarceration. If the sum is less, it must impose the gun-minimum term.

■■     The 200% rule does not apply, however, to sentences derived from different criminal episodes. *State v. Miller*, 317 Or 297, 306, 855 P2d 1093 (1993). Therefore, OAR 253-12-

020 does not apply to defendant's consecutive sentence on the failure to appear conviction. The court also increased the criminal history on the failure to appear conviction on the basis of the convictions for robbery, which had been sentenced immediately before. Defendant assigns error to the court's adjusting of his criminal history score. The Supreme Court has resolved his arguments contrary to his position. *State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993).

Convictions affirmed; remanded for resentencing.