Argued and submitted June 29, convictions affirmed; remanded for resentencing September 14, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## JERRID MICHAEL WOLFLICK,
*Appellant.*

(9202-31140; CA A77930)

880 P2d 974

Mary M. Reese, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Rossman and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant challenges various components of his sentence for sodomy in the first degree. We do not agree with defendant that the court failed to indicate the presumptive term that defendant would have served had a dangerous offender sentence not been imposed. The judgment states the applicable grid block of 10 H.

The state concedes that the trial court erred in imposing a life term of post-prison supervision. The proper duration of post-prison supervision in this case is 30 years. Although defendant did not object to the sentence below, we conclude that the error is apparent on the face of the record. ORAP 5.45. We exercise our discretion to review it, because the court's sentence exceeded what is allowable by law, and justice would be served by correcting the error.

The state points out that the trial court erred in applying ORS 144.110 to the minimum term imposed under the dangerous offender statutes, because that statute does not apply to these offenses, which were committed after 1989. We agree. *State v. Serhienko*, 111 Or App 604, 826 P2d 114 (1992). Defendant's crime was committed at the earliest in 1991; however, he does not challenge the minimum term imposed, and the state does not cross-appeal to challenge the minimum term. Therefore, we decline to order the court to reconsider the minimum term.

Convictions affirmed; remanded for resentencing.