On respondent's petition for reconsideration filed July 22, reconsideration allowed; opinion (113 Or App 205, 832 P2d 457) withdrawn; convictions affirmed; remanded for resentencing November 12, 1992

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES MARK HAYDON,
*Appellant.*

(90C-21630; CA A69008)

842 P2d 410

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, Salem, for petition.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Treating the state's petition as one for reconsideration, ORAP 9.15, we allow it, withdraw our former opinion and remand for resentencing.

Defendant challenged the sentences for his convictions for robbery and burglary imposed under ORS 137.635, the codification of Ballot Measure 4, adopted by the voters in 1988, which provides, in part:

> "(1)  When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence to which the defendant otherwise would be subject under ORS 137.120, but * * * the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. Any mandatory minimum sentence otherwise provided by law shall apply. The sentence shall not exceed the maximum sentence otherwise provided by law in such cases."

In our opinion, 113 Or App 205, 832 P2d 457 (1992), we held that the statute does not apply to a sentence for a felony committed after November 1, 1989, the effective date of the sentencing guidelines. We held that, because a felony committed after that date is not subject to an indeterminate sentence under ORS 137.120, the legislature had eliminated the premise on which ORS 137.635 is based.

Although the state argues that we made our decision *sua sponte*, it concedes that defendant preserved the argument that ORS 137.635 does not apply to his sentences. However, on reconsideration, we agree that our construction of ORS 137.635(1) effectively nullifies it. Ballot Measure 4 had an effective date of January 1, 1990. Or Laws 1989, ch 1, § 4. Under our holding, ORS 137.635 would never apply to any sentence. We will not deem a legislative act meaningless unless no other reasonable conclusion is available, *1000 Friends of Oregon v. Wasco County Court*, 299 Or 344, 358, 703 P2d 207 (1985), nor construe a statute literally when to do so would produce an unreasonable result. *Pacific P. & L. v. Tax Com.*, 249 Or 103, 110, 437 P2d 473 (1968). We accept the state's contention that the reference in ORS 137.635 to an

"indeterminate sentence under ORS 137.120" must be construed to mean a sentence that would have been subject to ORS 137.120 as it existed when the ballot measure was passed. Under that interpretation, ORS 137.635 applies to sentences for felonies committed on or after November 1, 1989.

The parties' dispute centers on whether "maximum sentence otherwise provided by law" in ORS 137.635 refers to a term of imprisonment imposed under the guidelines, as defendant argues, or whether, as the state contends, to a term of imprisonment provided for felony convictions under ORS 161.605. Under defendant's interpretation, the sentencing court would have to determine that a departure sentence is appropriate in order to impose a sentence under ORS 137.635 that exceeds the presumptive guidelines sentence. The state's position is that, under ORS 137.635, the court may either impose a guidelines sentence or, in its discretion, any longer determinate sentence, so long as the sentence is within the maximum set by ORS 161.605.

The state argues that to interpret "maximum sentence" as one imposed under the guidelines renders that language "irrelevant surplusage" without "independent force."[1] However, we conclude that the statutes and the legislatively approved rules show that the legislature intended ORS 137.635 to be construed in conjunction with guidelines legislation.

The overriding requirement for sentencing for felonies committed after November 1, 1989, is that the guidelines control. ORS 137.669 provides:

---

[1] The state argues that, if the legislature intended a court's authority to be limited by the guidelines, that intent "easily could have been expressed in an amendment to the statute or in a new statute, in a rule, or in commentary." We note that, although the commentary is not controlling, *State v. Moeller*, 105 Or App 434, 440 n 4, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991), that intention has been expressed:

"Do the felony sentencing guidelines establish the durations of imprisonments for offenders defined in ORS 137.635, Determinate Sentences for Certain Felony Convictions (Ballot Measure 4, November 1988)? *Staff advice*: Yes. The guidelines sentences are the determinate sentences required by the statute. (Advisory #1, May 18, 1990)." *Supplement Sentencing Guidelines Implementation Manual* 22 (1992).

"The guidelines adopted by the State Sentencing Guidelines Board and approved by the Legislative Assembly under ORS 137.667 * * * shall control the sentences for all crimes committed after the effective date of such guidelines. Except as provided in ORS 137.671, the incarcerative guidelines and any other guidelines so designated by the board shall be mandatory and constitute presumptive sentences."

ORS 137.120(2) provides:

"Whenever any person is convicted of a felony committed on or after November 1, 1989, the court shall impose sentence in accordance with rules of the State Sentencing Guidelines Board."[2]

However, the state argues that ORS 137.010(1) exempts ORS 137.635 from the directives that sentences shall be imposed according to the guidelines. ORS 137.010(1) provides:

"The statutes that define offenses impose a duty upon the court having jurisdiction to pass sentence * * * for felonies committed on or after November 1, 1989, in accordance with rules of the State Sentencing Guidelines Board unless otherwise specifically provided by law."

The state contends that the guidelines

"decidedly were *not* intended to be the sole and exclusive source of all sentencing authority for all post-November 1, 1989 felonies. The drafters of the guidelines and the 1989 legislature were fully aware that various pre-existing provisions in the criminal code either mandate or authorize the imposition of determinate terms of imprisonment on felony convictions and that, in a particular case, those statutory minimum terms could exceed the sentence otherwise prescribed by the guidelines. The legislature elected not to repeal all of those provisions or to limit them only to

---

[2] ORS 137.671(1) provides:

"The court may impose a sentence outside the presumptive sentence or sentence range made presumptive under ORS 137.669 for a specific offense if it finds, considering the purposes [of the guidelines] there are substantial and compelling reasons justifying a deviation from the presumptive sentence."

ORS 137.080(2) provides:

"Notwithstanding any other provision of law, the consideration of aggravating and mitigating circumstances as to felonies committed on or after November 1, 1989, including the maximum sentence that may be imposed because of aggravating circumstances, shall be in accordance with rules of the State Sentencing Guidelines Board."

pre-guidelines case [*sic*]; rather, the legislature elected to modify the sentencing guidelines to accommodate those statutory sentences." (Footnote omitted; emphasis in original.)

The state is correct that the legislature "accommodated" some existing sentencing statutes; however, we do not concur that the "accommodation" of ORS 137.635 preserved the maximum term of imprisonment under ORS 161.605.

■ Although the voters passed Ballot Measure 4 before the guidelines were enacted, legislation governing their development was enacted in 1987. In construing initiative measures, the courts should indulge the same presumption as to knowledge of historical facts on the part of the people as they indulge with reference to acts passed by the legislature. *Anthony et al. v. Veatch et al.*, 189 Or 462, 498, 220 P2d 493, 221 P2d 575, *appeal dismissed* 340 US 923 (1950). Oregon Laws 1987, chapter 619, section 2(1), directed that the guidelines were to provide for terms of imprisonment for felonies.[3] Despite the fact that guidelines terms of incarceration were being developed, Ballot Measure 4 did not specify that the "maximum sentence" was controlled by any existing statute. The legislature was not precluded from altering those maximums. It did so by providing for determinate sentences in the guidelines. ORS 161.605, on the other hand, provides maximum terms for indeterminate sentences, and those maximums no longer have general application. *See State v. Little*, 116 Or App 322, 842 P2d 414 (1992). The previous range of sentences is largely academic. *State v. Moeller, supra* n 1, 105 Or App at 439.

■ Interpreting "maximum sentence" as the term provided by the guidelines does not produce an unreasonable result. Rather, it applies ORS 137.635 in harmony with the

---

[3] That section provides:

"The Oregon Criminal Justice Council shall develop sentencing guidelines applicable to persons convicted of felonies and other offenses punishable by imprisonment in state prisons in this state and shall propose those guidelines to the State Sentencing Guidelines Board prior to November 1, 1988. The guidelines shall provide in each case for a sentence within the range of sanctions provided by law for the crime or crimes involved. The council shall design the guidelines to control commitment to state and local correctional facilities, the term or range of confinement, the requirement and duration of parole, the imposition and duration of probation subject to condition and the revocation of probation and subsequent incarceration." Or Laws 1987, ch 619, § 2(1).

guidelines statutes and rules. Statutes that are concerned with the same subject should be construed harmoniously and consistently with each other. *Davis v. Wasco IED*, 286 Or 261, 272, 593 P2d 1152 (1979). Under ORS 137.635, certain offenders must serve a determinate term of incarceration. The sentencing court may determine the length of that sentence so long as it does not exceed "the maximum sentence provided by law in such cases." That maximum sentence is provided by the incarcerative terms of the guidelines, ORS 137.669, or a departure from the presumptive incarcerative term for substantial and compelling reasons. ORS 137.671.

Even though the guidelines alone could result in the same maximum incarceration for a sentence subject to ORS 137.635, the statute is not surplusage. It requires a determinate incarceration term and thus eliminates any option under the guidelines for imposition of a probationary term.

The legislature harmonized the guidelines with that statutory mandate by enacting ORS 137.637, which, together with OAR 253-09-001, provides additional support for the conclusion that the legislature intended that ORS 137.635 be read consistently with guidelines legislation. ORS 137.637 provides:

> "When a determinate sentence of imprisonment is required or authorized by statute, the sentence imposed shall be the determinate sentence or the presumptive sentence as provided by the rules of the State Sentencing Guidelines Board, whichever is longer."

The presumptive sentence provides the minimum term for an offender subject to ORS 137.635. OAR 253-09-001[4] provides

---

[4] OAR 253-09-001 provides:

"(1) If a mandatory prison sentence is required or authorized by statute, the sentence imposed shall be that determinate sentence or the sentence under these rules whichever is longer.

"(2) If the provisions of Ballot Measure 4, 1988 General Election, require the imprisonment of an offender for whom the grid provides presumptive probation, the offender shall be imprisoned for a duration determined as follows:

"(a) 11-12 months for an offense classified in Grid Block 7-I;

"(b) 12-13 months for an offense classified in Grid Block 7-H;

"(c) 13-14 months for an offense classified in Grid Block 7-G; and

"(d) 14-15 months for an offense classified in Grid Block 7-F."

The commentary states, in part:

that that presumptive sentence will be a determinate prison sentence, instead of a presumptive probationary sentence if the offender is subject to ORS 137.635.

Construing "maximum sentence otherwise provided by law" to mean the sentence provided in the guidelines is consistent with one of the primary policies underlying guidelines: control of prison population. OAR 253-02-001(3)(a) provides:

"The response of the corrections system to crime, and to violation of post-prison and probation supervision, must reflect the resources available for that response. A corrections system that overruns its resources is a system that cannot deliver its threatened punishment or its rehabilitative impact. This undermines the system's credibility with the public and the offender, and vitiates the objectives of prevention of recidivism and reformation of the offender. A corrections system that overruns its resources can produce costly litigation and the threat of loss of system control to the federal judiciary. A corrections system that overruns its resources can increase the risk to life and property within the system and to the public."[5]

---

"The Guidelines Board concluded that, absent a clear policy expression to the contrary, the legislature intended these rules to be consistent with Ballot Measure 4 * * *. This rule implements that interpretation of legislative intent.
"* * * * *

"Section (2) [of the Rule] recognizes that these rules prescribe presumptive probation for certain crimes of conviction/criminal histories * * * for which Ballot Measure 4 mandates imprisonment. To be consistent with the provisions of that ballot measure, this section provides a specific term of imprisonment for any such offender." *Oregon Sentencing Guidelines Implementation Manual* 151 (1989).

[5] Preamble, Oregon Laws 1987, chapter 619, provides, in part:

"[T]he decision to imprison offenders and decisions as to the period of such imprisonment must be made on a systematic basis that will maintain institutional populations within a level for which the Legislative Assembly and the people of the state are prepared to provide, while, at the same time allowing for the judicial discretion necessary for appropriate sentencing in individual cases[.]"

OAR 253-02-001(1) provides:

"The primary objectives of sentencing are to punish each offender appropriately, and to insure [sic] the security of the people in person and property, within the limits of correctional resources provided by the Legislative Assembly, local governments and the people."

*See also Oregon Sentencing Guidelines Implementation Manual* 6 (1989).

The legislature has implemented that policy throughout the guidelines. *See* ORS 137.121; *State v. Seals*, 113 Or App 700, 833 P2d 1344 (1992); *State v. Davis*, 113 Or App 118, 830 P2d 620 (1992). We conclude that it intended to do so by limiting the length of prison terms for offenders subject to ORS 137.635.

Reconsideration allowed; opinion withdrawn; convictions affirmed; remanded for resentencing.