Argued and submitted September 17, affirmed December 22, 1993

## WILLIE D. CURRY,
*Appellant,*

*v.*

## John GRILL,
Superintendent,
Santiam Correctional Institution,
*Respondent.*

(92C-11252; CA A77726)

866 P2d 1237

Garrett A. Richardson argued the cause for appellant. With him on the brief was Multnomah Defenders, Inc.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before De Muniz, Presiding Judge, and Richardson, Chief Judge, and Leeson, Judge.

De MUNIZ, J.

## De MUNIZ, J.

Plaintiff appeals from a judgment dismissing his petition for writ of *habeas corpus*. ORS 34.680(1). We affirm.

Plaintiff was convicted of burglary in the first degree in 1985. In 1992, he was again convicted of burglary in the first degree and was sentenced to 24 months in prison. He filed a petition for a writ of *habeas corpus* in July, 1992, alleging that the Department of Corrections (DOC) had wrongfully determined that the sentence imposed for the 1992 burglary conviction is subject to ORS 137.635.[1] The trial court issued a writ on plaintiff's petition, and defendant filed a return and a motion to dismiss. The trial court granted defendant's motion to dismiss.

■ ■ We review the dismissal of a petition for *habeas corpus* relief for errors of law. *Bedell v. Schiedler*, 307 Or 562, 564, 770 P2d 909 (1989); *Weidner v. Zenon*, 124 Or App 314, 316, 862 P2d 550 (1993). Plaintiff argues that DOC erred in denying him a reduction in the term of his 1992 sentence. ORS 421.120(1) provides that, if an inmate demonstrates good conduct, the inmate is entitled to time credits that reduce the length of the sentence.[2] ORS 137.635(1) provides that, if a court sentences a defendant who has previously been

---

[1] ORS 137.635 provides, in part:

"(1) When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence to which the defendant otherwise would be subject under ORS 137.120, but * * * the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. * * * The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120.

"(2) Felonies to which subsection (1) of this section apply include and are limited to:

"* * * * *

"(h) Burglary in the first degree, as defined in ORS 164.225."

[2] ORS 421.120(1) provides, in part:

"Each inmate confined in execution of the judgment of sentence upon any conviction in the Department of Corrections institution, for any term other than life, and whose record of conduct shows that the inmate faithfully has observed the rules of the institution, shall be entitled to a deduction from the term of the sentence[.]"

convicted of a felony listed in the statute, the defendant shall not be eligible to receive a term reduction pursuant to ORS 421.120. Burglary in the first degree is one of the felonies listed in ORS 137.635(2).

Plaintiff asserts that, despite two burglary convictions, he is not subject to the provision of ORS 137.635 that denies sentence reductions. He points out that ORS 137.635 refers to ORS 421.120 and that ORS 421.120(3) provides that "[t]he provisions of [ORS 421.120] shall apply only to offenders sentenced for felonies committed prior to November 1, 1989." Plaintiff then notes that he committed his second burglary after 1989. Accordingly, he argues, ORS 421.120 does not apply to his sentence, and neither does ORS 137.635, because it refers to ORS 421.120. Instead, plaintiff contends that his sentence comes within ORS 421.121(1), which applies to felonies committed on or after November 1, 1989, and entitles him to a term reduction.

Defendant agrees that ORS 137.635 refers to ORS 421.120, not to ORS 421.121, and that ORS 421.120 applies only to offenders sentenced for felonies committed prior to November 1, 1989, before plaintiff's conviction here. Defendant argues, however, that plaintiff is not eligible for a term reduction pursuant to ORS 421.121(1), which provides:

> "*Except as provided in ORS 137.635*, each inmate sentenced to the custody of the department for felonies committed on or after November 1, 1989, shall be eligible for a reduction in the term of incarceration for appropriate institutional behavior, as defined by rule of the Department of Corrections, and for participation in the functional literacy program described in ORS 421.084." (Emphasis supplied.)

Defendant contends that ORS 421.121(1) expressly states that term reductions do not apply to offenders sentenced under ORS 137.635 and asserts that the omission of a reference in ORS 137.635 to ORS 421.121(1) occurred as a result of the codification process.

Defendant points out that ORS 137.635 did not become effective until after the sentencing guidelines were enacted. *State v. Haydon*, 116 Or App 347, 352, 842 P2d 410 (1992). As part of the guidelines legislation, the 1989 legislature enacted provisions that amended ORS 421.120 to expressly apply only to preguideline sentences. *See, e.g.,* Or

Laws 1989, ch 790, § 56(3). The legislature also enacted new provisions setting out term reductions to apply to guideline sentences and directed that those provisions be added to ORS chapter 421. Or Laws 1989, ch 790, § 59. One of the new provisions that the legislature added to chapter 421 was section 60. Instead of codifying section 60, which provides for term reductions, as part of ORS 421.120, legislative counsel codified it as part of ORS 421.121. *See* Or Laws 1989, ch 790, § 59. We agree with defendant that the language in section 60 that states, "Except as provided in * * * Ballot Measure 4,"[3] shows the legislature's intent that section 60, which was codified as ORS 421.121(1), would not apply to guideline sentences under ORS 137.635.

■ We will not render a legislative act meaningless if a reasonable conclusion is available. *State v. Haydon, supra,* 116 Or App at 349-50. ORS 137.635(1) applies to convictions based on crimes committed on or after January 1, 1990. ORS 421.120(3) limits term reductions only to sentences imposed on convictions for crimes committed on or before November 1, 1989. Therefore, if the provision denying term reductions in ORS 137.635(1) cannot be applied to the reduction in sentence provisions in ORS 421.121, the provision in ORS 137.635(1) that denies term reductions and the "[e]xcept as provided in ORS 137.635" clause in ORS 421.121(1) would never apply to any inmate. Under plaintiff's statutory construction, both provisions would be nullities. That absurdity is avoided by construing ORS 137.635, ORS 421.120 and ORS 421.121 in the context of the sentencing guidelines legislation and the codification of those enactments. *See State v. Bucholz,* 317 Or 309, 314, 855 P2d 1100 (1993).

ORS 421.121(4) specifies that DOC shall adopt rules regarding time credits earned by the inmate. DOC correctly applied those rules in denying a term reduction to plaintiff as an offender subject to ORS 137.635.

Affirmed.

---

[3] ORS 137.635 had its genesis in a ballot initiative that was passed by voters in the November, 1988, general election as "Ballot Measure 4." It was effective January 1, 1990. Or Laws 1989, ch 1, § 4.