## STATE OF OREGON,
*Respondent,*

*v.*

## ALPHONSO CAMPBELL,
*Appellant.*

(91C-20315; CA A80093)

881 P2d 829

Hari Nam S. Khalsa, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals from the sentence imposed after we remanded his conviction for robbery in the first degree for resentencing. *State v. Campbell*, 117 Or App 362, 842 P2d 815 (1992). When defendant was originally sentenced on the robbery conviction, he also had been convicted of assault. However, the assault conviction was entered after the date of the robbery, and the trial court refused to consider the assault in defendant's criminal history when sentencing for the robbery. Although the court found that defendant came within grid block 9 C, it imposed a determinate sentence under ORS 137.635, instead of a guidelines sentence. Defendant appealed, arguing that that sentence was error. In *State v. Haydon*, 116 Or App 347, 842 P2d 410 (1992), we held that the length of prison terms for offenders subject to ORS 137.635 was limited by the guidelines, and we remanded defendant's robbery sentence under *Haydon*.

On remand, the trial court reconsidered defendant's criminal history, including the assault conviction,[1] and determined that defendant's criminal history score was 9 B, instead of 9 C. It then imposed a departure sentence of 130 months on the robbery conviction.[2] Defendant argues that the court could not give a higher criminal history score when the case was remanded on other grounds, but that it could only modify the prison term. His position is that the court has the authority to modify "that part of the judgment which the appellate court has found to be void. Remaining portions of the judgment remain intact and cannot be reconsidered." *State v. Thompson*, 25 Or App 511, 549 P2d 1292 (1976).

We do not accept defendant's premise that his criminal history score was "intact" and that the remand went only to his prison term. The original sentence from which he appealed was not a guidelines sentence based in part on defendant's criminal history. It was a determinate sentence under ORS 137.635. His criminal history score was not an

---

[1] Subsequently, the Supreme Court held that convictions for separate criminal acts should be counted in determining the criminal history for a current sentencing. *State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993); *State v. Miller*, 317 Or 297, 855 P2d 1093 (1993).

[2] Defendant was originally sentenced to 180 months in prison and 36 months post-prison supervision.

issue on appeal, we did not address any issue related to the score, and we did not remand with instructions to impose sentence under a particular grid block.

In short, the effect of the remand for resentencing on the basis of *State v. Haydon, supra,* was a determination that defendant's entire sentence for the robbery conviction was not valid. In determining a valid sentence on remand, the trial court was not precluded from revisiting the applicable law.

Affirmed.