Argued and submitted April 28, convictions affirmed; remanded for resentencing
November 2, 1994

STATE OF OREGON,
*Respondent,*

*v.*

BYRUM WADE WOODIN,
*Appellant.*

(90C-21461; CA A78979)

883 P2d 1332

Eric R. Johansen, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Defendant challenges the determinate sentence of 36 months imposed under ORS 137.635 for his conviction for burglary in the first degree. ORS 164.225. We remand for resentencing.

In July, 1991, after defendant was found guilty of burglary in the first degree, the sentencing court determined that his conviction came within gridblock 8-E, for which the presumptive sentence is 25 to 26 months. The court, however, imposed a 48-month sentence, which it characterized as a "determinate sentence pursuant to ORS 137.635." Defendant appealed from that judgment, and we remanded for resentencing, pursuant to *State v. Haydon*, 116 Or App 347, 842 P2d 410 (1992). *State v. Woodin*, 116 Or App 383, 842 P2d 800 (1992). At the sentencing proceeding on remand, it was agreed that the conviction was in gridblock 8-E and that ORS 137.635(1) was applicable. The presumptive sentence under that gridblock again was 25 to 26 months and the maximum departure sentence was 52 months. This time, the sentencing court imposed a determinate sentence of 36 months.

At resentencing, the issue was raised as to whether the court was required to make departure findings in order to impose a sentence longer than the presumptive sentence, but within the maximum departure sentence authorized by the guidelines when ORS 137.635(1) applies. The trial court concluded that, because the sentence was imposed under ORS 137.635(1), it did not have to make departure findings to impose a sentence in excess of the presumptive sentence. Based on that conclusion, the court stated that it was not making departure findings.

Defendant argues on appeal that the trial court erred in imposing a sentence in excess of the presumptive sentence without making departure findings. ORS 137.635(1) is applicable when, as here, a defendant has a prior conviction for certain felonies. It provides:

> "When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an

indeterminate sentence to which the defendant otherwise would be subject under ORS 137.120, but, unless it imposes a death penalty under ORS 163.105, the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. Any mandatory minimum sentence otherwise provided by law shall apply. *The sentence shall not exceed the maximum sentence otherwise provided by law in such cases.* The convicted defendant who is subject to this section shall not be eligible for probation. The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120." (Emphasis supplied.)

The question presented in this case is the meaning of the terms "maximum sentence otherwise provided by law" in the above statute. The state contends that that language authorizes the court to impose a determinate sentence up to the maximum departure sentence allowed under the guidelines without the necessity of departure findings. Defendant argues that the statute only authorizes the court to impose as a determinate sentence the presumptive sentence under the guidelines. He contends that if the court imposes a sentence in excess of the presumptive sentence, departure findings must be made by the court.

Defendant relies on our decision in *State v. Haydon, supra,* to support his position. As the state correctly points out, however, the issue here is not the same as the question presented in *Haydon.* In that case, the issue was whether the language "maximum sentence otherwise provided by law" in ORS 137.635(1) refers to the maximum sentence allowed by the guidelines, or to the maximum allowed by ORS 161.605.[1]

---

[1] ORS 161.605 provides:

"The maximum term of an indeterminate sentence of imprisonment for a felony is as follows:

"(1) For a Class A Felony, 20 years.

"(2) For a Class B felony, 10 years.

"(3) For a Class C felony, 5 years.

"(4) For an unclassified felony as provided in the statute defining the crime."

We concluded that the reference is to the maximums in the guidelines. We explained:

"Oregon Laws 1987, chapter 619, section 2(1), directed that the guidelines were to provide for terms of imprisonment for felonies. Despite the fact that guidelines terms of incarceration were being developed, Ballot Measure 4 did not specify that the 'maximum sentence' was controlled by any existing statute. The legislature was not precluded from altering those maximums. It did so by providing for determinate sentences in the guidelines. ORS 161.605, on the other hand, provides maximum terms for indeterminate sentences, and those maximums no longer have general application. *See State v. Little*, 116 Or App 322, 842 P2d 414 (1992). The previous range of sentences is largely academic. *State v. Moeller*, [105 Or App 434, 439, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991).]" *State v. Haydon, supra*, 116 Or App at 352. (Footnote omitted.)

Although it was not presented in *State v. Haydon, supra*, the question at issue here was discussed in that case. We stated that the maximum sentence under the guidelines "is provided by the incarcerative terms of the guidelines, ORS 137.669, or a departure from the presumptive incarcerative term for substantial and compelling reasons. ORS 137.671." 116 Or App at 353. That statement was, of course, *dicta*. However, after considering the text and context of ORS 137.635(1), *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993), we conclude that our statement in *Haydon* was correct. As we said in *Haydon*, the "maximum sentence otherwise provided by law" referred to in ORS 137.635 is that provided by the guidelines. Under the guidelines, the maximum sentence is the presumptive sentence, unless the court finds substantial and compelling reasons to impose a departure. OAR 253-08-001. There is nothing in the language of ORS 137.635 that would allow the court to alter how a sentence is imposed under the guidelines.

The state argues that ORS 137.637,[2] and the Supreme Court's reading of that statute in *State v. Morgan*,

---

[2] ORS 137.637 provides:

"When a determinate sentence of imprisonment is required or authorized by statute, the sentence imposed shall be the determinate sentence or the presumptive sentence as provided by the rules of the State Sentencing Guidelines Board, whichever is longer."

316 Or 553, 856 P2d 612 (1993), support its position. However, *Morgan* involved a somewhat different question. The court in *Morgan* held that ORS 137.637 allows a sentencing court to disregard the sentence prescribed by the guidelines and impose a longer determinate sentence that is specifically authorized by statute. The court concluded that the maximum sentences authorized by ORS 163.115(3)(b) and (c) could be imposed by the sentencing court without making departure findings. The difference here is that a maximum sentence is not specified in another statute, as was the case in *Morgan*. Rather, the maximum sentence referred to in ORS 137.635 is determined by applying the guidelines. We conclude that the trial court was required to impose the sentence as it would under the guidelines. Accordingly, the court was required to make departure findings to justify a sentence in excess of the presumptive sentence.

The state argues that, even if the trial court erred in failing to make departure findings, that was not reversible error because the court articulated reasons for the sentence that were the functional equivalent of departure findings. However, in view of the clear indication by the court that it was *not* making departure findings, it is necessary to remand for the court's consideration of the departure factors.

Conviction affirmed; remanded for resentencing.