Argued and submitted January 29, remanded with instructions in part; otherwise affirmed on appeal and cross-appeal in CA A91145; affirmed in CA A91164
March 5, 1997

# STATE OF OREGON,
## *Appellant - Cross-Respondent,*

*v.*

# RONALD RENE CLARK,
## *Respondent - Cross-Appellant.*

(93030529; CA A91145 (Control))

# STATE OF OREGON,
## *Respondent,*

*v.*

# RONALD RENE CLARK,
## *Appellant.*

(93030530; CA A91164)

933 P2d 984

Argued and submitted January 29, 1997.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant - cross-respondent and respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Paula Johnson Lawrence, Assistant Attorney General.

Mary M. Reese, Deputy Public Defender, argued the cause for respondent - cross-appellant and appellant. With her on the brief was Sally L. Avera, Public Defender.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant was convicted in a jury trial of first-degree burglary with a firearm, ORS 164.225, second-degree kidnapping with a firearm, ORS 163.225, two counts of first-degree robbery with a firearm, ORS 164.415, and two counts of menacing, ORS 163.190. At sentencing, the state requested the court to include in the judgment a finding that the sentences imposed on defendant's burglary and robbery convictions are subject to the requirements of ORS 137.635. The court refused to do so and the state now appeals and assigns error to the trial court's denial of its request.

ORS 137.635 provides, in part:

"(1) When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence to which the defendant otherwise would be subject under ORS 137.120, but, unless it imposes a death penalty under ORS 163.105, the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. Any mandatory minimum sentence otherwise provided by law shall apply. The sentence shall not exceed the maximum sentence otherwise provided by law in such cases. The convicted defendant who is subject to this section shall not be eligible for probation. The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120 or for any reduction in term of incarceration pursuant to ORS 421.121.

"(2) Felonies to which subsection (1) of this section apply include and are limited to:

"* * * * *

"(h) Burglary in the first degree, as defined in ORS 164.225.

"* * * * *

"(j)   Robbery in the first degree, as defined in ORS 164.415.

"(3)   When the court imposes a sentence under this section, the court shall indicate in the judgment that the defendant is subject to this section."

■■    The application of ORS 137.635 is mandatory if the conditions of the statute are satisfied. Here, defendant was convicted of felonies listed in ORS 137.635(2)(h) and (j). It is also undisputed that he previously was convicted of a felony listed in subsection (2). Accordingly, ORS 137.635(1) is applicable. *See State v. Andre,* 142 Or App 285, 289, 920 P2d 1145, *rev den* 324 Or 299 (1996). The sentencing court was required to apply the statute and erred as a matter of law in failing to do so. We remand to the trial court with instructions to amend the judgment to order that the sentences imposed on the robbery and burglary convictions are subject to ORS 137.635.

We affirm without discussion on defendant's cross-appeal and on his separate appeal.

On appeal in CA A91145, remanded with instructions to amend the judgment to order that the sentences imposed on the robbery and burglary convictions are subject to ORS 137.635; otherwise affirmed on appeal and on cross-appeal. Affirmed in CA A91164.