Argued and submitted January 31, 2001, remanded for resentencing; otherwise affirmed February 28, 2001

STATE OF OREGON,
*Respondent,*

*v.*

ANGEL SULLIVAN,
aka Fernando Armento Sandoval,
*Appellant.*

(9702610CR; CA A101474)

19 P3d 1001

James N. Varner argued the cause for appellant. With him on the brief was David E. Groom, State Public Defender.

Laura S. Anderson, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Wollheim, Judge, and Ceniceros, Senior Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant was convicted of first-, second- and fourth-degree assault, first-degree kidnapping, and first-degree burglary. ORS 163.185; ORS 163.175; ORS 163.160; ORS 163.235; ORS 164.225. The trial court imposed consecutive sentences on defendant's convictions, for a total of 790 months' imprisonment. On appeal, defendant asserts that the trial court erred in calculating his sentence, and further argues that the error is apparent on the face of the record, ORAP 5.45(2), and that this court should consider it despite the fact that he failed to object to the court's method of calculating the sentence in the court below. The state concedes that the trial court erred in calculating defendant's sentence. We agree that the trial court erred and that the error is apparent on the face of the record. We conclude that we should exercise our discretion to correct that error. *See Ailes v. Portland Meadows, Inc.,* 312 Or 376, 382, 823 P2d 956 (1991). Accordingly, we remand for resentencing.

■ An error is "apparent" for purposes of ORAP 5.45(2) if "the legal point is obvious, not reasonably in dispute." *State v. Brown,* 310 Or 347, 355, 800 P2d 259 (1990). Here, defendant asserts, and the state agrees, that no authority exists for the sentences imposed by the court. The legal error is obvious, and is not in dispute in this case. In light of the state's concession of error, we conclude that it is proper for us to exercise our discretion to correct it. *See State v. Jones,* 129 Or 413, 879 P2d 881 (1994) (when the state indicates that it has no desire to enforce an illegal sentence, the ends of justice will not be satisfied by refusal to correct the error).

A full description of the trial court's reasoning need not be set forth here. Suffice it to say that the court concluded that it could impose consecutive 20-year sentences on the convictions for first-degree assault, first-degree burglary, and first-degree kidnapping, based on an erroneous application of ORS 137.635. The court also imposed a consecutive 70-month mandatory minimum sentence for the second-degree assault pursuant to ORS 137.700. The trial court concluded that, because ORS 137.635 and ORS 137.700 provided for

determinate sentences, it need not use the sentencing guidelines in calculating defendant's sentences. That was error.

Both ORS 137.635 and ORS 137.700 work in conjunction with—and not in place of—the sentencing guidelines. ORS 137.635(1) provides:

"When, in the case of a felony described in subsection (2) of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection (2) of this section, the sentence shall not be an indeterminate sentence to which the defendant otherwise would be subject under ORS 137.120, but, unless it imposes a death penalty under ORS 163.105, the court shall impose a determinate sentence, the length of which the court shall determine, to the custody of the Department of Corrections. Any mandatory minimum sentence otherwise provided by law shall apply. The sentence shall not exceed the maximum sentence otherwise provided by law in such cases. The convicted defendant who is subject to this section shall not be eligible for probation. The convicted defendant shall serve the entire sentence imposed by the court and shall not, during the service of such a sentence, be eligible for parole or any form of temporary leave from custody. The person shall not be eligible for any reduction in sentence pursuant to ORS 421.120 or for any reduction in term of incarceration pursuant to ORS 421.121."

Subsection (2) of that statute specifies first-degree assault, first-degree kidnapping, and first-degree burglary as crimes to which subsection (1) applies. Defendant conceded at sentencing that he had a previous conviction for first-degree manslaughter, which also is included ORS 137.635(2). Thus, the trial court correctly determined that defendant's convictions for first-degree kidnapping, first-degree assault, and first-degree burglary were subject to ORS 137.635.

The court erred, however, in calculating the sentences for those crimes. In *State v. Haydon*, 116 Or App 347, 353, 842 P2d 410 (1992), we held that the phrase in ORS 137.635(1) that a sentence "shall not exceed the maximum sentence otherwise provided by law" meant the maximum sentence "provided by the incarcerative terms of the guidelines, ORS 137.669, or a departure from the presumptive incarcerative term for substantial and compelling reasons.

ORS 137.671." That phrase also includes mandatory minimum sentences from outside of the guidelines such as ORS 137.700, as ORS 137.635(1) also specifies that "[a]ny mandatory minimum sentence otherwise provided by law shall apply" as well.

ORS 137.700 requires the imposition of mandatory minimum sentences for the crimes of first-degree assault, second-degree assault, and first-degree kidnapping. Under ORS 137.700, a court "may impose a greater sentence if otherwise permitted by law, but may not impose a lower sentence than the sentence specified" as a mandatory minimum sentence under ORS 137.700.

Thus, defendant's convictions for first-degree kidnapping and first-degree assault are subject to both ORS 137.635 and ORS 137.700. His sentence for first-degree burglary is subject to ORS 137.635. His sentence for second-degree assault is subject to ORS 137.700.

██ To determine defendant's sentence, the court must take several steps. First, the court must determine the mandatory minimum sentences applicable under ORS 137.700. The court then must determine which, if any, of the crimes occurred within the same "criminal episode." ORS 131.505. For crimes committed as part of the same criminal episode against the same victim, the court must determine the "primary offense," ascertain the guidelines gridblock for the crimes, and determine the maximum consecutive sentences that may be imposed under the guidelines. *See generally* OAR 213-012-0020; *State v. Miller*, 317 Or 297, 855 P2d 1093 (1993). The court is not limited by the "400 percent rule" in imposing consecutive mandatory minimum sentences for the crimes governed by ORS 137.700. *State v. Langdon*, 330 Or 72, 999 P2d 1127 (2000). The "400 percent rule," however, could limit the court's imposition of a consecutive sentence for the first-degree burglary conviction. *See State v. Skelton*, 153 Or App 580, 591, 957 P2d 585, *rev den* 327 Or 448 (1998) (if mandatory minimum sentence that the court must impose under ORS 137.700 is greater than the limit established by the relevant guidelines rule, the rule prevents the court from imposing any additional incarceration).

Remanded for resentencing; otherwise affirmed.