6 November 19, 2025 No. 982

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

FRANK F. SWOPES,
*Plaintiff-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
23CV15639; A182462

Sean E. Armstrong, Judge.

Submitted January 29, 2025.

Frank F. Swopes, Jr. filed the briefs, *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Plaintiff appeals from a judgment dismissing his petition for an alternative writ of mandamus. He sought to compel the Oregon Department of Corrections (ODOC) to make him eligible for release on the basis that ODOC had wrongfully applied ORS 137.635 to his 1993 first-degree burglary sentence in determining that his sentence was not subject to reduction. On appeal, he assigns error to the trial court's grant of summary judgment for defendant, the superintendent of the Oregon State Penitentiary. Defendant maintains that the trial court did not err in granting summary judgment because application of ORS 137.635 to plaintiff's sentence was mandatory. We affirm.

"We review a trial court's grant of summary judgment for errors of law and will affirm if there are no genuine disputes about any material fact and the moving party is entitled to judgment as a matter of law." *Thompson v. Portland Adventist Medical Center*, 309 Or App 118, 121, 482 P3d 805 (2021). We view the facts in the light most favorable to the nonmoving party and assess whether no objectively reasonable juror could find in their favor. *Id.*

Plaintiff was convicted of first-degree burglary in 1986. In January 1993, he was again convicted of first-degree burglary, among other crimes, and was sentenced according to a stipulated sentencing agreement. The judgment made no mention of whether ORS 137.635 applied to sentencing for the second burglary conviction.

ORS 137.635 provides that, when a court sentences a defendant convicted of one of the enumerated felonies listed in the statute, including first-degree burglary, and that defendant "has previously been convicted" of any of those felonies, the court must impose a determinate sentence that is not subject to reduction. We have explained that "[t]he application of ORS 137.635 is mandatory if the conditions of the statute are satisfied." *State v. Clark*, 146 Or App 590, 593, 933 P2d 984 (1997). The conditions of the statute are satisfied if an individual has "previously been convicted of any felony designated in subsection (2) of this section," and is subsequently convicted of another such

felony. ORS 137.635(1). If those conditions are met and the trial court failed to apply the statute, we typically remand with instructions to amend the judgment to make that correction. *Clark*, 146 Or App at 593. That is because ORS 137.635(3) requires the court to "indicate in the judgment that the defendant is subject to this section." The legislature added subsection (3) to the statute by an amendment which took effect in August 1993. Or Laws 1993, ch 692, § 5. For sentences imposed prior to August 1993 that otherwise satisfy the conditions of the statute, we have upheld ODOC's authority to determine that the sentence imposed for the subsequent felony is subject to ORS 137.635. *Curry v. Grill*, 125 Or App 507, 511, 866 P2d 1237 (1993).

Here, there is no genuine issue of material fact that plaintiff was previously convicted of first-degree burglary in 1986. There is also no genuine issue that he was again convicted of that crime in January 1993.[1] First-degree burglary is a felony listed in ORS 137.635(2)(h). Accordingly, the sentence imposed for the 1993 first-degree burglary conviction is subject to ORS 137.635, and ODOC had the authority to make that determination. The trial court did not err in granting defendant's motion for summary judgment and dismissing plaintiff's petition for alternative writ of mandamus.

Affirmed.

---

[1] Plaintiff argues that he created a disputed issue of fact by submitting an apparent Oregon Criminal Justice Council survey form that answered "No" to the question whether a sentence was imposed under ORS 137.635. The form, however, appears to be a partial form and does not even connect the sentence to plaintiff or the conviction for first-degree burglary. The trial court did not err in concluding that the form did not create a genuine issue of material fact and relying instead on the facts from plaintiff's criminal judgments when granting summary judgment in favor of defendant.