Argued and submitted November 30, sentences vacated; remanded for
resentencing; otherwise affirmed December 29, 2004

## STATE OF OREGON,
*Respondent,*

*v.*

## LEONARD JOHN JETLAND,
*Appellant.*

0202-30954; A119739

103 P3d 642

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief
Defender, and Tammy W. Sun, Deputy Public Defender,
Office of Public Defense Services, filed the briefs for
appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor
General, and Jill Smith, Assistant Attorney General, filed
the briefs for respondent.

Before Landau, Presiding Judge, and Armstrong, Judge,
and Deits, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

Defendant was convicted of two counts of unlawful use of a weapon, ORS 166.220, and two counts of menacing, ORS 163.190. The trial court imposed an upward dispositional departure sentence on defendant's first unlawful use of a weapon conviction based on the departure factors that defendant was on supervision at the time of the crime and that he failed to benefit from supervision. The court imposed an upward durational departure sentence on the second unlawful use of a weapon conviction based on defendant's "persistent involvement" in criminal conduct.

On appeal, defendant contends that the trial court erred in giving jury instructions pertaining to accomplice witnesses and accomplice witness testimony. He also contends that it erred in imposing departure sentences based on factors that were not pleaded in the indictment and that were neither admitted by him nor proved to a jury beyond a reasonable doubt; he concedes that the latter error was not preserved. The state responds that neither error was preserved and that neither is plain error that this court should exercise its discretion to reach.

We agree with the state that defendant's first assignment of error was not preserved and was not plain error; we therefore reject that assignment without discussion. We agree with defendant, however, that the trial court erred in imposing departure sentences based on factors, other than the fact of a prior conviction, that were not proved to a jury beyond a reasonable doubt. *See State v. Dilts*, 337 Or 645, 653, 103 P3d 95 (2004) (concluding that, consistently with *Blakely v. Washington*, 542 US ___ , 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the imposition of sentencing guidelines departure sentences based on facts found by the trial court does not comport with the Sixth Amendment to the United States Constitution). In addition, in this case, the error is plain error that we exercise our discretion to reach. *See State v. Perez*, 196 Or App 364, 369-73, 102 P3d

705 (2004) (determining that imposition of departure sentences based on any factor other than the fact of a prior conviction is plain error; exercising discretion to reach the error). We therefore vacate defendant's sentences and remand the case to the trial court for resentencing.

Sentences vacated; remanded for resentencing; otherwise affirmed.