Argued and submitted September 23, 2004, convictions affirmed; sentences
vacated; remanded for resentencing January 12, 2005

STATE OF OREGON,
*Respondent,*

*v.*

JASON LEE DICKERSON,
*Appellant.*

03040814; A121983

104 P3d 638

Kevin T. Lafky argued the cause for appellant. With him on the brief was Larry L. Linder.

Christina M. Hutchins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant pleaded guilty to two counts of encouraging child sexual abuse in the first degree, ORS 163.684, one count of third-degree sodomy, ORS 163.385, and one count of third-degree rape, ORS 163.355. He received presumptive guidelines sentences on the two counts of encouraging child sexual abuse, and received upward dispositional departure sentences on the sodomy and rape counts. In support of those departure sentences, the trial court found that defendant had been involved persistently in similar conduct.[1] Defendant did not object to the departure sentences. On appeal, defendant asserts that the upward departure sentences violate the Sixth Amendment to the United States Constitution, as interpreted by the United States Supreme Court in *Blakely v. Washington*, 542 US ___ , 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). He asserts that, although he did not preserve this argument in the trial court, the error is apparent on the face of the record, and we should exercise our discretion to correct it. As explained below, we agree and remand for resentencing.

In *Blakely,* the Supreme Court held unconstitutional an "exceptional sentence" imposed under Washington's sentencing guidelines on the ground that the enhanced sentence was imposed based on a factual finding made by the sentencing court rather than on the basis of facts found by the jury or admitted by the defendant. in *State v. Dilts*, 337 Or 645, 103 P3d 95 (2004), the Oregon Supreme Court held that upward departure sentences, which are virtually identical to "exceptional sentences" under the Washington sentencing scheme, are inconsistent with the rule of law announced in *Blakely*. The state argues that no error is apparent because it is reasonably in dispute whether the "persistent involvement" guidelines departure factor falls within an exception to

---

[1] Defendant had no prior convictions of any sort and did not admit to any conduct in his plea other than conduct relating to the offenses to which he was pleading guilty. The trial court apparently based its determination that defendant had been involved persistently in similar conduct on the fact that defendant pleaded guilty to the four crimes described above in exchange for the state's dismissal of seven other similar charges.

the rule announced in *Apprendi* and *Blakely* for "the fact of a prior conviction." *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (error is apparent if it is not reasonably in dispute).

In *State v. Perez*, 196 Or App 364, 370-71, 102 P3d 705 (2004), we concluded that an upward departure sentence based on "persistent involvement in similar conduct" constituted error apparent on the face of the record and exercised our discretion to correct the error. There, we concluded that the "fact of a prior conviction" exception applies only to the bare fact of a prior conviction and not to circumstances surrounding a defendant's criminal history, including whether the defendant had engaged in persistent involvement in similar offenses, whether the defendant was on supervision for a prior offense when the crime of conviction was committed, or whether previous supervision had failed to deter further criminal conduct. *Id.* at 370-73. In so holding, we emphasized that the rationale for the "fact of a prior conviction" exception was that "procedural safeguards attached to any 'fact' of prior conviction." *Id.* at 371, *quoting Apprendi*, 530 US at 488.

The validity of our conclusion in *Perez* is reinforced in the present case. Here, as noted above, *see* 197 Or App at 10 n 1, the court's finding of "persistent involvement" was *not* based on prior convictions—and, indeed could not have been, because defendant had no previous criminal convictions. Instead, that finding was apparently based on the fact that defendant had pleaded guilty to the current charges in order to have other similar charges dropped. Where a determination of "persistent involvement" in similar conduct is based on conduct for which a defendant has not been convicted (and, in fact, cannot be convicted), that determination cannot, by any logic, be deemed to be based on the "fact of prior conviction."

For the reasons enunciated in *Perez*, we exercise our discretion to correct the sentencing error apparent on the face of the record.

Convictions affirmed; sentences vacated; remanded for resentencing.