Submitted on remand April 26, sentence vacated; remanded for resentencing; otherwise affirmed June 1, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID PATRICK ETTER,
*Appellant.*

01C52421, 02C40382;
A118334 (Control), A118335
(Cases Consolidated)

112 P3d 472

Peter A. Ozanne, Executive Director, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Devorah Signer Hill, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

This case returns to us on remand for reconsideration in light of *State v. Dilts*, 337 Or 645, 103 P3d 95 (2004). Upon reconsideration, we vacate the sentence, remand for resentencing, and otherwise affirm.

Defendant was convicted of theft in the first degree and felon in possession of a firearm. On the theft conviction, the trial court imposed a sentence of six months' imprisonment, with 12 months of post-prison supervision. On the felon in possession conviction, the presumptive sentence is 10 to 12 months. The trial court imposed a departure sentence of 24 months, with 24 months of post-prison supervision. The trial court based the departure sentence on the second count on a finding that defendant had committed the theft while he had criminal charges pending in another county.

On appeal, defendant argued, among other things, that the trial court erred in imposing the departure sentence on the felon in possession conviction because the departure was based on findings that had not been submitted to, and determined by, a jury, as required by *Apprendi v. New Jersey*, 530 US 466, 490, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). We affirmed without opinion. *State v. Etter*, 193 Or App 514, 93 P3d 846 (2004).

In the meantime, the Oregon Supreme Court issued its decision in *Dilts*, in which the court concluded that, under *Apprendi* and *Blakely*, "a defendant has a right to have additional facts that may increase his or her sentence beyond the otherwise applicable maximum sentence decided by a jury, rather than by a trial judge." *Dilts*, 337 Or at 652.

In light of *Dilts*, defendant's objection is well taken. The trial court relied on additional facts not admitted and not found by a jury, *viz.*, that defendant had committed the felon in possession of a firearm offense while he had criminal charges pending in another county. *Apprendi* and *Blakely*, as explained in *Dilts*, forbid such reliance.

Sentence vacated; remanded for resentencing; otherwise affirmed.