Submitted on record and briefs May 23, sentences vacated; remanded for resentencing; otherwise affirmed June 22, 2005

STATE OF OREGON,
*Respondent,*

*v.*

TERRY EUGENE TAYLOR,
*Appellant.*

C031197CR; A122684

114 P3d 534

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Susan F. Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Armstrong, Judge.

_____

* Brewer, C. J., *vice* Ceniceros, S. J.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction and sentence for burglary in the first degree and theft in the second degree. ORS 164.225; ORS 164.045. His sole assignment of error on appeal is that the trial court erred, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), in imposing an upward durational departure sentence on his burglary conviction based on the fact of his persistent involvement in similar crimes and the fact that he committed the crimes while on post-prison supervision. The state responds that defendant admitted the relevant facts. We vacate defendant's sentences and remand for resentencing.

We take the following undisputed facts from the record. Defendant pleaded guilty to burglary in the first degree and theft in the second degree. In regard to the burglary charge, defendant's plea petition stated that he knew that the crime was a 7 on the crime seriousness scale, that he believed that his criminal history score was "C," that he knew that the presumptive sentence for the crime was 21 to 24 months, and that he knew that the trial court could depart upward or downward from that presumptive sentence. The petition also stated that he had been convicted or adjudicated of one or more misdemeanors, felonies, and juvenile offenses in the past, including "one occupied burg[lary], several other unoccupied burg[larie]s, escape II, [and] UUV," that is, unauthorized use of a motor vehicle.

In the sentencing proceeding, the state recited defendant's criminal history in further detail, including numerous crimes in addition to the ones enumerated in defendant's plea petition, and argued that defendant's history "demonstrates a complete failure on the part of the criminal justice system to harness this particular individual and curb his behavior in any way." In turn, defendant's counsel agreed that defendant "has a long criminal history" and that "there's been many burglaries." He argued, however, that defendant's criminal history was a result of his "long-standing drug problem," that defendant had begun to

improve his conduct, and that his crimes were nonviolent. Defendant himself made a statement to the court in which he admitted that he had "been to prison" five times. The trial court imposed an upward departure sentence of 47 months, based, as noted, on defendant's persistent involvement in criminal conduct and his commission of the crime while on supervisory status.

On appeal, defendant argues that, consistently with *State v. Sawatzky*, 195 Or App 159, 96 P3d 1288 (2004), a defendant's prior convictions may be used as a departure factor only to the extent that they "reflect[ ] a separate character element of the defendant" and that the latter constitutes information that is "extrinsic" to the "mere fact" of a prior conviction that therefore must, under *Apprendi* and *Blakely*, be proved to a jury. As to the specific factors applied here, he argues that, under *State v. Kennedy*, 113 Or App 134, 137-38, 831 P2d 712 (1992), the "persistent involvement" factor requires a finding of a "separate malevolent quality" in the defendant and that, under *State v. Mitchell*, 113 Or App 632, 634, 833 P2d 1324 (1992), the "on supervision" factor involves a showing of why the defendant's supervision status was "significant." Defendant concedes that he did not preserve the claimed error but urges us to review it as error apparent on the fact of the record.

The state responds that defendant's jury trial right under *Blakely* and *Apprendi* was not violated because he admitted all the factual bases for the departure sentence. As pertinent to the "persistent involvement" factor, the state argues that defendant admitted his criminal history and that the "malevolent quality" of the offender that is captured by the factor is "implicit" in the fact of defendant's numerous convictions. As to the "on supervision" factor, the state apparently does not argue that defendant in effect admitted any qualitative aspect of that factor; rather, it argues that, because the trial court did not rely on any qualitative characteristics in regard to that factor, an admission in that regard was unnecessary and defendant's admission of his supervision status, without more, was sufficient. *Cf. State v. Perez*, 196 Or App 364, 367, 373, 102 P3d 705 (2004), *rev*

*allowed*, 338 Or 488 (2005) (noting that, in applying "persistent involvement" factor, trial court relied in part on presentence investigator's characterization of the defendant as a "psychopath").

As discussed in *Perez*, the "bare fact" of defendant's prior convictions is not subject to the jury trial right elucidated in *Apprendi* because that fact already has been subjected to the procedural safeguards that the Sixth Amendment to the United States Constitution requires. *See Perez*, 196 Or App at 371-72. Other facts, however—"even those related thereto"—have not been subjected to those safeguards. *Id.* Accordingly, in *Perez* as well as in later cases, *e.g., State v. Dickerson*, 197 Or App 8, 11, 104 P3d 638 (2005); *State v. Jetland*, 196 Or App 704, 706, 103 P3d 642 (2004), we have held that both persistent involvement and being on supervision are subject to the jury trial right.

Because the trial court based defendant's departure sentence on two factors and did not state that each was independently sufficient, we need not address the sufficiency of defendant's admission that he was on supervision. It is enough to conclude that defendant's admission of his criminal history was insufficient to constitute an "implicit" admission of a "separate malevolent quality" for the purpose of applying the "persistent involvement" factor. *See Perez*, 196 Or App at 372-73. The trial court's resulting plain error as to that factor requires us to reverse and remand for resentencing.

Sentences vacated; remanded for resentencing; otherwise affirmed.