## UNITED STATES of America, Plaintiff—Appellee,

v.

## Richard Glen BLOUNT, III, Defendant—Appellant.

### No. 05–30170.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 23, 2005.

Baron C. Sheldahl, Esq., Office of the U.S. Attorney, Portland, OR, for Plaintiff—Appellee.

Ellen Pitcher, Federal Public Defender's Office, Portland, OR, for Defendant—Appellant.

Before: BROWNING, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.

## MEMORANDUM**

Richard Blount appeals his conviction under 18 U.S.C. § 922(g)(1) and sentence

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

under § 924(e), arguing that his state burglary convictions were not proper predicate offenses "punishable ... for a term exceeding one year." 18 U.S.C. §§ 922(g)(1), 924(e). An Oregon state burglary conviction under Or.Rev.Stat. § 164.215 is punishable by five years imprisonment, Or.Rev.Stat. § 161.605(3), though under the relevant state sentencing guidelines, the defendant could not have been imprisoned more than one year.

Nevertheless, these state convictions satisfy the predicate offense requirements for a conviction under § 922(g)(1) and imprisonment under § 924(e) because the statutory maximum, five years, is "a term exceeding one year." *See United States v. Murillo*, 422 F.3d 1152 (9th Cir.2005) (holding that a "crime punishable by imprisonment for a term exceeding one year," as such crimes are defined by statute, is referencing the statutory maximum, not the guidelines maximum).

*State v. Dilts*, 337 Or. 645, 103 P.3d 95 (Or.2004), concerned a defendant's Sixth Amendment rights as construed by *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). As such, *Dilts* has no bearing on categorizing predicate offenses under § 922(g)(1). *See Murillo*, 422 F.3d at 1155 ("The categorization of predicate offenses for purposes of section 922(g)(1) faces none of the Sixth Amendment concerns that prompted the ... *Blakely* decision[.]").

AFFIRMED.