## STATE OF OREGON,
*Respondent,*

*v.*

## ERIC LEHMON HILTON,
*Appellant.*

0007-35951; A124186

135 P3d 358

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Ernest G. Lannet, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Eric Lehmon Hilton filed the supplemental brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Deits, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant was convicted of first-degree rape and third-degree rape after pleading no contest to those counts. He proceeded to trial on counts of felon in possession of a firearm and unlawful use of a weapon and, after a trial to a jury, was convicted on those counts. The trial court imposed an upward departure sentence on the conviction for felon in possession of a firearm based on the findings that defendant was on supervision at the time of the offense, that defendant's prior incarcerations did not deter his illegal conduct, and that defendant was a dangerous offender. At sentencing, defendant objected to the imposition of the departure sentence on the ground that, under *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), departure sentences may not be based on facts found by the sentencing court.

On appeal, defendant argues that the trial court's imposition of a departure sentence on his conviction for felon in possession of a firearm violated the principles enunciated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi*, because the sentence was based on facts that were not admitted by defendant or found by a jury. The state concedes that defendant adequately preserved the argument that he now makes on appeal, and we agree. Defendant's sentence is erroneous, and the case must be remanded for resentencing. *State v. Dilts*, 337 Or 645, 103 P3d 95 (2004).

Sentences vacated; remanded for resentencing; otherwise affirmed.